UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JAMES TURK, et al.,** | : | Case No. 09-CV-868 |
| **Plaintiffs,** | : | |
| | : | JUDGE KATHLEEN M. O'MALLEY |
| v. | : | |
| **DANIEL COMERFORD, et al.,** | : | **MEMORANDUM & ORDER** |
| **Defendants.** | : | |

Before the Court is Substituted Defendant United States' Motion to Dismiss Amended Complaint (Doc. 70). This Motion has been fully briefed and is ripe for adjudication. For the reasons set forth below, the United States' Motion to Dismiss is **DENIED** as moot.

I.   **RELEVANT BACKGROUND**

Plaintiffs allege that, on February 17, 2009, at 6:45 a.m., a task force of state and federal law enforcement officers invaded Plaintiffs' home without a warrant. On April 17, 2009, Plaintiffs James and Marybeth Turk filed an eleven-count complaint against four groups of defendants alleging violation of Ohio common law, federal law, and their constitutional rights, stemming from the task force members' conduct during the February 17, 2009 incident. (Doc. 1.)[1] For purposes of the United States' Motion, the only relevant Defendants are the individually named task force members: Nicholas Rexing, Jason Stasenko, Daniel Comerford, and Mark Adams ("the Individual Defendants").

---

[1] The Defendants can be divided into the following groups: (1) the task force members; (2) Cuyahoga County; (3) Cuyahoga County Metropolitan Housing Authority ("CMHA"); and (4) John Does 1-3 (law enforcement officers working for unknown agencies). Plaintiffs voluntarily dismissed CMHA and William Chapman from the lawsuit on December 18, 2009.

## II. DISCUSSION

The single issue presented in the United States' Motion to Dismiss concerns the nature of the claims asserted in Plaintiffs' Amended Complaint (Doc. 60). Although Plaintiffs amended their original complaint to remove the state common law tort claims initially asserted, the government argues that Count I (42 U.S.C. § 1983) and Count IV (*Bivens*) are actually tort claims "dressed up" in constitutional terms. (Doc. 70-1 at 4.) Based on the parties' briefing, however, the Court finds that: (1) Plaintiffs' Amended Complaint does not assert any common law tort claims; and (2) because no tort claims are alleged, the United States need not be substituted for the Individual Defendants.

### A. Plaintiffs' Amended Complaint Does Not Allege Any Common Law Tort Claims Against the Individual Defendants.

Under the Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679 ("the Westfall Act"), "the United States is to be substituted in a civil action for money damages brought against a federal employee who is alleged to have committed a common law tort while acting within the scope of his employment." *Dolan v. United States*, 514 F.3d 587, 592 (6th Cir. 2008) (citing 28 U.S.C. § 2679(b)(1)). The Westfall Act further provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1). If the federal employee was acting within the scope of his employment, substitution of the United States is proper, "and the district court must assess the plaintiff's claims pursuant to the Federal Tort Claims Act ('FTCA')." *Dolan*, 514 F.3d at 593. A plaintiff cannot file

2

suit under the FTCA "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." 28 U.S.C. § 2675(a).

Here, the United States filed a Notice of Substitution on October 28, 2009, seeking substitution in place of the Individual Defendants with respect to Plaintiffs' state constitutional and common law claims. (Doc. 69.) Plaintiffs do not dispute that the Individual Defendants were acting within the scope of their federal employment at the time of the incident alleged in the Amended Complaint. Indeed, the parties agree that: (1) the United States is the proper party defendant with respect to any common law tort claims asserted against the Individual Defendants; and (2) any common law tort claims against the Individual Defendants are subject to the FTCA, including its exhaustion requirements. (*See* Doc. 69 at 2; Doc. 83 at 2).

In their response to the United States' Motion, Plaintiffs clarify that they are not asserting any common law tort claims in the Amended Complaint. (Doc. 83 at 3-4.) Specifically, Plaintiffs state that Counts I and IV allege constitutional deprivations – not common law trespass or invasion of privacy claims. (*Id*. at 3.)

Based on Plaintiffs' unequivocal representation that they are asserting only a § 1983 claim and a *Bivens* claim against the Individual Defendants, the Court finds that the Amended Complaint does not assert any common law tort claims. Accordingly, the FTCA is not implicated, and the Court has subject matter jurisdiction over Plaintiffs' claims.

**B.     The United States is Not Substituted as a Defendant in Place of the Individual Defendants.**

The substitution provided under the Westfall Act is limited to common law tort claims and does not apply to claims brought against a federal employee for violations of: (1) the United States Constitution; or (2) a federal statute. *See* 28 U.S.C. § 2679(b)(2).

As indicated, Plaintiffs have clarified that they are not asserting any common law tort claims against the Individual Defendants. The only claims against the Individual Defendants are made pursuant to § 1983 and *Bivens*. Both of these claims allege violation of constitutional rights and therefore are claims for which the United States may not be substituted. Indeed, the government admits in its briefing that, because "the United States cannot be sued under Bivens or § 1983, its substitution is solely for purposes of the FTCA." (Doc. 84 at 5.) Because Plaintiffs are alleging only constitutional claims against the Individual Defendants, the United States cannot be substituted in place of the Individual Defendants.

### III. CONCLUSION

Based on Plaintiffs' clarification that they are not asserting any common law tort claims against the Individual Defendants, a clarification to which this Court shall hold them, the United States' Motion to Dismiss Amended Complaint (Doc. 70) is **DENIED** as moot. Because substitution of the United States is proper only with respect to common law tort claims – and no such claims are alleged against the Individual Defendants – the United States is not substituted as a party defendant as to any of Plaintiffs' claims. Accordingly, the United States' Notice of Substitution with respect to the Amended Complaint (Doc. 69) is also moot.

**IT IS SO ORDERED.**

                                                            s/Kathleen M. O'Malley
                                                            **KATHLEEN McDONALD O'MALLEY**
                                                            **UNITED STATES DISTRICT JUDGE**

**Dated: April 8, 2010**